IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 96-74T
(Judge Allegra)

COLUMBIA/HCA HEALTHCARE CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# JOINT STATUS REPORT

The parties present this Joint Status Report regarding the status of the remaining issues in this case.

1. As explained in prior status reports in this case, on October 4, 2004, the United States Supreme Court denied plaintiff's petition for writ of certiorari with respect to the nonaccrual experience method issue in Hospital Corporation of America v. Commissioner, 107 T.C. 116 (1996), aff'd, 348 F.3d 136 (6th Cir. 2003). Accordingly, the decision in the aforementioned case has become final under 26 U.S.C. § 7481.

2. All other issues in this case have been resolved, thus requiring only the completion of the computations of plaintiff's tax liabilities with respect to the 1991 taxable year.

3. HCA Inc., the successor to plaintiff, and the Internal Revenue Service ("IRS") have had discussions and meetings regarding the process of computing the tax liabilities of HCA, its predecessors, successors and subsidiaries for the taxable periods affected by the final decision in the case discussed in paragraph 1 above. Due to the volume and complexity of the computations and the range of possible outcomes in litigation, neither HCA nor the IRS prepared contemporaneous computations of the nonaccrual experience method exclusion using the formula specified in the amended temporary regulations (the "amended regulatory formula"), which formula was upheld by the Tax Court in Hospital Corporation of America v. Commissioner discussed in paragraph 1 above. Approximately 31 taxable periods from 1987 through 1996 of HCA, its predecessors, successors and subsidiaries affected by this decision are pending before this Court, the Tax Court, and the IRS's counsel and Examination Division. For each taxpayer, these computations must be completed sequentially, beginning with the earliest open tax period.

4. On October 12, 2004, HCA proposed to the IRS a streamlined computational methodology to compute the nonaccrual experience method exclusion for all taxable periods prior to and pending before this Court and the Tax Court. On February 8, 2005, HCA provided computations to the IRS of the tax liability

using this methodology for each of these taxable periods, including its 1989-1991 taxable years. The IRS requested revised nonaccrual experience method computations on May 2, 2005 and HCA undertook the process of locating and gathering the data to prepare detailed computations of the nonaccrual experience method exclusion using the amended regulatory formula for these periods.

5. On August 1, 2005, HCA provided the IRS with revised computations of its nonaccrual experience method exclusion based on the amended regulatory formula and its tax liability, for its 1989-1993 taxable years. Assuming the IRS accepts HCA's computations, the parties believe that final tax computations for the 1991 taxable year can be completed within six months.

6. The parties will file a status report 180 days subsequent hereto, except that the parties will nonetheless advise the Court as soon as the parties have completed the aforementioned tax computations with respect to plaintiff's 1989-1991 taxable years.

7. Defendant's counsel has authorized Plaintiff's counsel to file this as a Joint Status Report.

Respectfully submitted,

s/Felix B. Laughlin

Felix B. Laughlin
DEWEY BALLANTINE LLP
1775 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 862-1040
(202) 862-1041 (fax)
email: flaughlin@dbllp.com

Counsel for Plaintiff

August 22, 2005