IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 96-74T
(Judge Allegra)

COLUMBIA/HCA HEALTHCARE CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# JOINT STATUS REPORT

IN RESPONSE to this Court's Order dated March 8, 2006 requiring the parties to report on the status of settlement on or before April 7, 2006 and every 28 days thereafter, the parties present the following joint status report:

1. The only issue remaining in this case is the completion of the computations of plaintiff's tax liability with respect to the 1991 taxable year at issue in this case.

2. On October 12, 2004, HCA Inc. (plaintiff's successor) proposed to the Internal Revenue Service ("IRS") a streamlined computational methodology to compute the nonaccrual experience method exclusion for all taxable periods prior to and pending before this Court and the Tax Court. On February 8, 2005, plaintiff provided computations to the IRS of the tax liability using this methodology for each of the 31 taxable periods involved, including its 1989-1991 taxable years. On May 2, 2005, the IRS requested revised computations. HCA provided the IRS with the requested computations for its 1989-1991 taxable years on November 4, 2005.

3. As noted in the joint status report filed with this Court on April 7, 2006 and in joint status reports filed with the Tax Court on March 29, 2006, the IRS had advised the plaintiff

that an additional nine to twelve months would be necessary to complete its computational review for all of the 31 taxable periods involved (i.e., by the first quarter of 2007). Since the filing of the April 7, 2006 status report, the IRS has advised defendant's counsel that it has now developed an audit plan to complete its review of plaintiff's tax computations sequentially, beginning with the earliest open tax period. The IRS has not yet advised the parties in this case when its review of the tax computations for plaintiff's 1989-1991 taxable years will be completed.

4. Assuming the IRS accepts the computations that HCA provided on November 4, 2005, final tax computations for the 1991 taxable year should be complete.

5. Pursuant to the Court's Order dated March 8, 2006, the parties will file a status report 28 days subsequent hereto, except that the parties will nonetheless advise the Court as soon as the parties have agreed to the tax computations with respect to plaintiff's 1991 taxable year.

6. Defendant's counsel has authorized plaintiff's counsel to file this as a Joint Status Report.

Respectfully submitted,

/s/ Felix Laughlin

Felix B. Laughlin
DEWEY BALLANTINE LLP
1775 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 862-1040
(202) 862-1041 (fax)
email: flaughlin@dbllp.com

Counsel for Plaintiff

May 5, 2006