IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 96-74T
(Judge Allegra)

COLUMBIA/HCA HEALTHCARE CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

JOINT STATUS REPORT

IN RESPONSE to this Court's Order dated March 8, 2006 requiring the parties to report on the status of settlement on or before April 7, 2006 and every 28 days thereafter, the parties present the following joint status report:

1. The only issue remaining in this case is the completion of the computations of plaintiff's tax liability with respect to the 1991 taxable year at issue in this case.

2. On October 4, 2004, the Supreme Court denied HCA Inc.'s ("HCA", the plaintiff's successor) petition for writ of certiorari in Hospital Corporation of America v. Commissioner, 107 T.C. 116 (1996), aff'd, 348 F.3d 136 (6th Cir. 2003).

3. On October 12, 2004, HCA proposed to the Internal Revenue Service ("IRS") Examination Division a streamlined methodology to compute the nonaccrual experience method exclusion for all taxable periods prior to and pending before this Court and the Tax Court. On February 8, 2005, HCA provided computations to the IRS Examination Division of the tax liability using this streamlined methodology for each of the 31 taxable periods affected, including Hospital Corporation of America's 1989-1991 taxable years. On May 2, 2005, the IRS

requested detailed nonaccrual experience method computations. HCA provided the IRS with the requested nonaccrual experience method computations and revised tax computations for the 1989-1991 taxable years on November 4, 2005.

4. On May 16, 2006, the IRS Examination Division provided HCA with audit procedures for finalizing tax computations for the 31 taxable periods.

5. As explained in prior joint status reports, the IRS Examination Division and HCA reached agreement on August 9, 2006, regarding computation of the nonaccrual experience method exclusions for five of the 31 affected taxable periods, including the 1989-1991 taxable years. HCA and the IRS are now in agreement with the computation of taxable income for these five taxable years, as set forth in the revised draft audit report issued by the IRS Examination Division on September 22, 2006.

6. Due to the carryover effect of the nonaccrual experience method exclusion computations, each of the five taxable years must be closed sequentially, beginning with the earliest open taxable period. Accordingly, the IRS Examination Division has begun the process of preparing documentation to close the 1989 and 1990 taxable years. Within 45 days after the 1989 and 1990 taxable years have been closed, HCA will formally submit to the defendant a proposal to settle the 1991 taxable year based on the computations set forth in the revised draft audit report issued on September 22, 2006 referenced above in paragraph 5. Following the submission of the settlement proposal by HCA to the defendant, internal review of the tax computations by the Tax Division of the Department of Justice as well as the Joint Committee on Taxation will be required. The parties will use their best efforts to process the settlement as expeditiously as possible and will continue to keep the Court apprised of this process in subsequent status reports.

7. Pursuant to the Court's Order dated March 8, 2006, the parties will file a status report on or before December 15, 2006.

8. Defendant's counsel has authorized plaintiff's counsel to file this as a Joint Status Report.

Respectfully submitted,

s/ Felix B. Laughlin

Felix B. Laughlin
DEWEY BALLANTINE LLP
1775 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 862-1040
(202) 862-1041 (fax)
email: flaughlin@dbllp.com

Counsel for Plaintiff

November 16, 2006